IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CORINE E. WORTHY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-cv-398 (MTT) |
| **TROY MEINK, Secretary of the United States Air Force,** | ) ) ) ) |
| **Defendant.** | ) ) |

## ORDER

Before the Court is defendant Troy Meink's motion to dismiss pro se plaintiff Corine E. Worthy's complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 6. In an effort to afford Worthy, who is proceeding pro se, adequate notice and time to respond to Meink's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Worthy wishes to respond, she must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

The Court evaluates a motion to dismiss based on Rule 12(b)(6) using the following standard:

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss and its exhibit (ECF 6; 6-1) to Worthy at her last known address. Thereafter, all notices or other papers may be served on Worthy directly by mail at her last known address.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018). Dismissal on statute-of-limitations grounds is "'appropriate only if it is apparent from the face of the complaint that the claim is time-barred' and 'only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), overruled on other grounds by *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (alteration in original)).

In addition, claims under Title VII must be filed "within 90 days after receipt of notice of right to sue" from the EEOC. *Stallworth v. Wells Fargo Armored Services Corp.*, 936 F.2d 552, 524 (11th Cir. 1991) (citing 42 U.S.C. § 2000e-5(f)(1). This 90-day limitations period begins to run "upon actual receipt" of the EEOC right-to-sue letter. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). Filing within the ninety-day period is a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983). Once the defendant contests whether the plaintiff filed her complaint within ninety days of receipt of the EEOC's right-to-sue notice, "the plaintiff has the burden of establishing that [s]he met the ninety[-]day filing requirement.*"* *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (citation omitted).

If Worthy does not timely respond to the motion to dismiss, the Court may dismiss her claims against Meink. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Worthy may submit her argument to this Court by filing a brief in opposition to Meink's motion to dismiss. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4. Worthy cannot raise new claims for the first time in a response brief. *Wilcombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 959 (11th Cir. 2009); see *Perez v. Wells Fargo Bank, Nat'l Ass'n, Inc.*, 2015 WL 13066079, at *7 (N.D. Ga. Mar. 31, 2015) (explaining the plaintiff could not "amend her pleadings through arguments contained in a brief in response to a Motion to Dismiss").

**SO ORDERED**, this 4th day of December, 2025.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT