**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **CORINE E. WORTHY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:25-CV-398 (CAR)** |
| | : | |
| **TROY MEINK, SECRETARY OF THE UNITED STATES AIR FORCE,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Plaintiff Corine E. Worthy, proceeding *pro se*, filed this employment discrimination suit against Defendant Troy Meink, in his official capacity as Secretary of the Air Force (the "Agency"). The Agency moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is apparent from the face of the Complaint Plaintiff's claims are barred by the applicable statute of limitations. For the reasons explained below, the Agency's Motion [Doc. 6] is **GRANTED**, and Plaintiff's Complaint hereby **DISMISSED with prejudice** because it is time barred under 42 U.S.C. § 2000e-5(f)(1).

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] "When it is apparent from the face of a complaint that the claims asserted therein are time-barred, the complaint is subject to dismissal pursuant to Rule 12(b)(6)."[3]

When determining the adequacy of the allegations in the Complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[4] Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[5]

**BACKGROUND**

This is Plaintiff's fourth civil action (of five total) filed in this District against the Agency asserting employment discrimination and retaliation claims for various events occurring between 2016 and 2021.[6] Plaintiff first filed the allegations contained in this

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Henriquez v. Georgia Dep't of Revenue*, 2023 WL 4624473, *4 (11th Cir. July 19, 2023) (citing *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).
[4] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[5] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[6] *See Worthy v. Meink*, Civil Action No. 5:23-CV-519 (CAR) ("*Worthy I*"); *Worthy v. Meink*, Civil Action No. 5:24-CV-16 (TES) ("*Worthy II*"); *Worthy v. Meink*, Civil Action No. 5:25-CV-335 (CAR) ("*Worthy III*");

Complaint in *Worthy v. Meink*, Case No. 5:24-cv-16-TES (filed Jan. 16, 2023) ("*Worthy II*") based on the same right-to-sue letter in the instant action issued on December 14, 2023. In *Worthy II*, the Court granted Plaintiff additional time to serve her Complaint and allowed Plaintiff to file an Amended Complaint after the Agency filed a motion to dismiss.[7] Plaintiff filed her Amended Complaint, and the Agency again moved to dismiss her Amended Complaint.[8] Thereafter, the Court granted the Agency's second motion to dismiss and dismissed *Worthy II* without prejudice on August 22, 2025.[9]

The instant Complaint reasserts the claims she asserted in *Worthy II* based on the same Equal Employment Opportunity ("EEO") complaint she filed on November 18, 2020. She received her right-to-sue letter on December 14, 2023, and filed the instant Complaint on September 11, 2025.

**ANALYSIS**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1954, 42 US.C. §§ 2000e *et seq.* ("Title VII").[10] Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEO Commission.[11] Here, Plaintiff received her right-to-sue letter on December 14, 2023.

---

*Worthy v. Meink*, Civil Action No. 5:25-cv-398 (CAR) ("*Worthy IV*") (current action); and *Worthy v. Meink*, Civil Action No. 5:25-CV-424 (CAR) ("*Worthy V*").

[7] *Worthy II* [Docs. 9, 21, and 31].

[8] *Id.* at Docs. 27 and 29.

[9] *Id.* at Doc. 36.

[10] Complaint [Doc. 1].

[11] *See* 42 U.S.C. § 2000e-5(f)(1); *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991).

Plaintiff timely filed her complaint in *Worthy II* on January 16, 2024, within the 90-day period; was allowed to file an amended complaint after the Agency filed a motion to dismiss; but the amended complaint was dismissed for failure to state claim. She then filed the instant lawsuit on September 11, 2025, which was clearly beyond the 90-day time limit.

Plaintiff contends the Court's dismissal of *Worthy II* without prejudice should renew her case or equitably toll the 90-day deadline. But Plaintiff is neither entitled to a renewal or equitable tolling based on the Court's dismissal without prejudice of *Worthy II*.

"In limited circumstances, Federal Rule of Civil Procedure 15(c) permits amendments to pleadings that 'relate back' to the date of the original pleading."[12] But, the Eleventh Circuit has explained that a re-filed complaint cannot "relate back" to or renew a previously-dismissed action to permit the same claims to be refiled outside the limitations period, even if the previous complaint was dismissed without prejudice.[13]

---

[12] *Abram-Abrams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012).

[13] *See id.* (explaining that a re-filed complaint cannot "relate back" and revive a dismissed claim from an earlier lawsuit); *Dade Cty. v. Rohr Indus., Inc.*, 826 F.2d 983, 989 (11th Cir. 1987) (reversing district court's ruling that a second lawsuit could relate back to an earlier lawsuit where the court had already dismissed the first lawsuit and the plaintiff failed to appeal the first lawsuit's dismissal); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (holding that the dismissal of an earlier lawsuit without prejudice does not authorize a subsequent lawsuit brought outside the statute of limitations); *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) (holding that a previous dismissal without prejudice of a Title VII claim did not permit the same claims to be refiled outside the limitations period).

And although the 90-day limitation period applicable to Title VII is not a jurisdictional prerequisite and is therefore subject to equitable tolling,[14] Plaintiff is not entitled to such relief here. "Although a court may equitably toll a limitations period, the plaintiff[ ] must establish that tolling is warranted."[15] "Equitable tolling is an extraordinary remedy which should be extended only sparingly."[16] The filing of a complaint that was later dismissed does not automatically toll the limitations period for a future complaint.[17] Here, equitable tolling is not warranted. In *Worthy II*, Plaintiff filed her original complaint and then an amended complaint in response to the Agency's motion to dismiss. The Court dismissed her case on the merits because she failed to state a claim. This case would essentially be a third bite at the apple. Because Plaintiff has failed to establish this case warrants the "extraordinary remedy" of tolling, her Complaint must be dismissed as time barred under 42 U.S.C. § 2000e-5(f)(1).

**CONCLUSION**

For the reasons explained above, the Agency's Motion [Doc. 6] is **GRANTED**,

---

[14] *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992).

[15] *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (citation omitted).

[16] *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1347 (N.D. Ga. 2013) (citation and internal quotation marks omitted); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly.").

[17] *See Miller*, 223 F. App'x at 844-45 (the employee's filing of a complaint that was dismissed without prejudice did not automatically toll the 90-day limitations period for a future complaint); *Bost*, 372 F.3d at 1242 (explaining that dismissal of an ADEA complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations); *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (stating the general rule that the filing of a lawsuit later dismissed without prejudice does not automatically toll the statute of limitations).

and Plaintiff's Complaint hereby **DISMISSED with prejudice** because it is time barred under 42 U.S.C. § 2000e-5(f)(1).

**SO ORDERED,** this 25th day of August, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT